NM-CUM-5/12/2000

STATE OF MAINE
SUPERIOR COURT OF CUMBERLAND COUNTY

```
-----------------------------------------------------------x
NORMAN FRANK, CRANDON CAPITAL        :
PARTNERS and KENNETH STEINER, on     :
behalf of themselves and all others similarly :
situated,                            :        CV No. 99-261
                        Plaintiffs,  :
         v.                          :
                                     :
PEC ISRAEL ECONOMIC CORPORATION      :
PEC ACQUISITION CORPORATION,         :
RAPHAEL RECANATI, OUDI RECANATI,     :
FRANK J. KLEIN, ROBERT H. ARNOW,     :
ALAN S. BATKIN, JOSEPH CIECHANOVER,  :
ELIAHU COHEN, HERMANN MERKIN,        :
ALAN S. JAFFE, HARVEY M. MEYERHOFF,  :
and ALAN S. ROSENBERG,               :
                                     :
                        Defendants.  :
-----------------------------------------------------------x
```

## ORDER AND FINAL JUDGMENT

A hearing having been held before the Superior Court of Cumberland County for the State

of Maine ("the Court") on May 8, 2000 ("the Hearing"), pursuant to the Court's Order of March 9,

2000 ("the Scheduling Order"), upon a Stipulation of Settlement, filed on March 6, 2000 ("the

Stipulation"), of the above-captioned action ("the Action"), which Scheduling Order and Stipulation

are each incorporated herein by reference; it appearing that PEC has given due notice of the Hearing

in accordance with the Scheduling Order; the respective parties having appeared by their attorneys

of record; the Court having heard and considered the evidence in support of the proposed

compromise and settlement of the Action; the attorneys for the respective parties and objectors

having been heard; an opportunity to be heard having been given to all other persons requesting to

be heard in accordance with the requirements of the Scheduling Order; the Court having determined

that notice to the Class (as defined below) preliminarily certified, pursuant to the Scheduling Order, was adequate and sufficient; and the entire matter of the proposed settlement ("the Settlement") having been heard and considered by the Court;

*IT IS HEREBY ORDERED, ADJUDGED AND DECREED* this 5th day of May, 2000, that:

1. The Action is certified as a class action, pursuant to Rule 23(b)(3) of the Maine Rules of Civil Procedure, on behalf of a class (hereinafter the "Class") composed of all record and beneficial owners of shares of PEC common stock from March 25, 1998 through and including November 5, 1999, including any and all of their respective predecessors, trustees, executors administrators, representatives, heirs, transferees, successors in interest and assigns, immediate and remote, and any person claiming under any of them, and each of them, *but excluding* 1) the Defendants and their affiliates; 2) the law firms of record are certified as counsel for the Class ("Class Counsel"); and 3) all persons who requested exclusion from the Class in accordance with the notice to Class members mailed by Defendants in accordance with the Court's Order of March 9, 2000.

2. The Court finds that notice was given to all members of the Class in accordance with the Court's March 9, 2000 order. The form and manner of notice given to the members of the Class are hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with the requirements of due process and of Rule 23 of the Maine Rules of Civil Procedure.

3. Each of the provisions of the Maine Rules of Civil Procedure has been satisfied and the Action has been properly maintained according to the provisions of Maine Rules of Civil Procedure 23(b)(3). Specifically, this Court finds, solely for purposes of the Settlement, that

(a) a class action is a fair and efficient method of adjudication of this controversy, (b) the Class is so numerous that joinder of all members is impracticable, (c) questions of law or fact common to the Class predominate over questions affecting only individual members, (d) the claims of the representative Plaintiffs are typical of the claims or defenses of the Class, and (e) the representative Plaintiffs fairly and adequately protected the interests of the Class. The Court further finds that the questions of law or fact common to members of the Class predominate over any questions affecting individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Stipulation and the Settlement are approved as fair, reasonable, adequate and in the best interests of the Class.

5. A release of all claims, rights, causes of action, suits, matters and issues, whether known or unknown, that have been, could have been, or in the future might be asserted in the Action or in any court or proceeding (including, but not limited to, any claims arising under federal or state law relating to alleged fraud, breach of any duty, negligence, violations of federal securities laws or otherwise) by or on behalf of the Plaintiffs or any members of the Class, whether individual, class, derivative, representative, legal, equitable or any other type or in any other capacity against Defendants, or any of their present or former officers, directors, employees, agents, attorneys, accountants, financial advisors or other advisors, commercial bank lenders, investment bankers, insurers and reinsurers, representatives, affiliates, associates, parents, subsidiaries, general and limited partners and partnerships, heirs, executors, personal representatives, estates, administrators, and successors and assigns, which have arisen, could have arisen, arise now or hereafter arise out of, or relate in any way

3

to, the Action, the Offer, IDBD's purchase of PEC shares, PEC's solicitation of shareholder approval of the Merger, and the Merger, and the alleged fiduciary or disclosure obligations of the Defendants (or persons to be released) with respect to any of the foregoing or any other material, public filings or statements by the Defendants or any other persons to be released in connection with the Offer ("the Settled Claims").

6. The Plaintiffs, Class Counsel and all members of the Class, either directly, individually, derivatively, representatively or in any other capacity, are permanently barred and enjoined from instituting, commencing, asserting, prosecuting, continuing or participating in any way in the commencement or maintenance of any action asserting any claims against any of the Defendants or any other persons or entities which arise out of or relate in any way to the Settled Claims, or which arise out of or relate in any way to any of the transactions or events described in any complaint in any court or tribunal of this or any other jurisdiction.

7. Class Counsel are awarded attorneys' fees and reimbursement of expenses in the aggregate amount of $1,300,000.00 ("the Award") which sum the Court finds to be fair and reasonable, to be paid by the Defendants in accordance with the Stipulation within five (5) calendar days from of the entry of the Court's final and non-appealable order/judgment dismissing the Action with prejudice and making the Award ("the Effective Date"). If an appeal is taken from the Order and Final Judgment dismissing the Action with prejudice, or from the Award, PEC shall, on the Effective Date, make payment of the amount of the Award, together with simple interest at 5% per annum thereon from the date payment would have been due absent an appeal; provided, however, that the outcome of any such appeal is to approve the Settlement and the Award in whole or in part.

4

8.  Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

Date: MAY 12, 2000

_____
Judge, Superior Court

Pursuant to M.R.CV.P. 79(a), this Order
may be incorporated by reference into the docket.

| Date Filed 05/03/99 | CUMBERLAND County | Docket No. CV99-261 |

Action ____DAMAGES____

NORMAN FRANK

DONALD L. GARBRECHT
LAW LIBRARY

MAY 24 2000

PEC ISRAEL ECONOMIC CORP.
PEC ACQUISTION CORP.
RAPHAEL RECANATI
OUDI RECANATI
FRANK J. KLEIN
ROBERT H. ARNOW        HERMANN MERKIN
ALAN S. BATKIN         HARVEY M. MEYERH
JOSEPH CLECHANOVER     ALAN S. ROSENBE
ELIAHI COHEN
ALAN S. JAFFE

vs.

Plaintiff's Attorney

ROBERT S. FRANK, ESQ.    775-1300
P. O. BOX 126
PORTLAND, MAINE  04112-0126

ROBERT HARWOOD ESQ

KEITH FLEISCHMAN ESQ

Defendant's Attorney JAMES GOOGIN, ESQ.,
PETER B. WEBSTER, ESQ 774-4000 (PEC)
ONE PORTLAND SQUARE, PORTLAND ME  04112

STEVEN KAYMAN ESQ (PEC ISRAEL)
PROSKAUER ROSE
1585 BROADWAY    212-969-3439
NY NY 10036

| Date of Entry | |
|---|---|
| **1999**<br>May 05 | Received 05/03/99:<br>Complaint Summary Sheet filed.<br>Class Action Complaint for Injunctive Relief and Damages filed. |
| "" "" | |
| May 20 | Received 05-19-99:<br>Stipulation filed. |
| May 27 | Received 05-27-99:<br>Plaintiff's Notification of Discovery Service filed.<br>Plaintiffs' First Request for Production of Documnets served on James G. Goggin, Esq. on 05-26-99. |
| July 08 | Received 07-08-99:<br>Defendants PEC Israel Economic Corporation, et al's Unopposed Motion for Enlargement of Time in Which to Respond to Plaintiff's Complaint filed. |
| JUly 16 | Received 07-15-99:<br>Order filed. (Delahanty, J.)<br>It is hereby ORDERED that Defendant's motion for enlargement is granted and that the time by which Defendant is to file an answer or other response to the complaint is hereby enlarged to and including July 23, 1999. |
| " " | On 07-16-99:<br>Copies sent to Peter B. Webster Esq. and Robert Frank, Esq. |
| July 27 | Received 7.23.99:<br>Defendant PEC Israel Economic Corporation's Unopposed motion for enlargement of time in which to respond to plaintiff's complaint and to respond to plaintiff's request for production of documents filed. |
| July 30 | Received 7-29-99.<br>Order filed. (Delahanty, J.)<br>It is hereby ordered that defendant's motion for enlargement of time by which defendant is to file an answer or other response to plaintiff's request for production of documents is hereby enlarged to and including August 30, 1999.<br>7-30-99 copy mailed to Robert Frank and Peter Webster Esqs. |